UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DUSTIN WILLIAM SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 09-36-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| J.C. ZUERCHER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dustin William Smith is currently confined in the U.S. Penitentiary-Big Sandy, in Inez, Kentucky.  He has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, R. 2, and he has paid the filing fee, R. 4.  In his petition Smith challenges a prison disciplinary action and punishment as violating his Fifth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment.  *See* R. 2 at 1.

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243.  *See Martin v. Hogsten* , No. 08-338-ART, 2009 WL 33446, at *1 (E.D.K.Y. Jan. 5, 2009).  At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (citing *Higgins v. Steele*, 195 F.2d 366 (8th Cir.1952), and *Farley v. Skeen*, 113 F.Supp. 736 (N.D.W.Va.1953)). Since Smith is

appearing pro se, his petition is held to less stringent standards than those drafted by attorneys. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir.2006) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001)).  During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant.  *Cf. Urbina*, 270 F.3d at 295 (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir.1983)) (holding that allegations must be taken as true and construed in favor of petitioner in ruling on a motion to dismiss). Even viewing the Petitioner's allegations in this favorable light, however, the petition fails to state a claim upon which relief may be granted and must be dismissed.

## FACTUAL ALLEGATIONS

The factual allegations here are taken from Smith's *pro se* petition and its attachments.  Smith plead guilty to attempted robbery and felony threats under the D.C. Code and was sentenced to serve a 24-month sentence on each count, to run concurrently.  *See* R. 2 at 2.  He was serving that sentence when the conduct in question occurred.

On May 21, 2008, Smith was charged a Code 104 violation for the offense of Possession of a Weapon and was placed in the Segregated Housing Unit ("SHU") of the prison.  The next month, on June 24, 2008, he had a hearing before a Disciplinary Hearing Officer ("DHO") named T.S. Mortimer who found him guilty of the charge and sanctioned him with the disallowance of 41 days of good conduct time, time in disciplinary segregation, and the loss of commissary and telephone privileges for 6 months.  While he apparently told the DHO at the time of the guilty adjudication that he wished to appeal, Smith states that he did not receive the DHO report until five months later on November 3, 2008.

Smith now seeks redress because he could not appeal in the five intervening months and is now pressed to appeal the matter and win back the good conduct time within the small amount of time left of his sentence. In addition to attaching the DHO report, Smith attached a letter from the appropriate BOP Regional Office acknowledging receipt of his appeal on January 6, 2009, and promising a response by February 5, 2009. He also challenges the DHO Report itself, claiming that it contains inconsistencies as to which living unit at the prison housed him, *i.e.*, B-4 or C-2 or B-2, and as to which officer found the weapon on him and when. He asks the to Court vacate his conviction and restore his good time credits.

DISCUSSION

Smith's petition fails to state a claim upon which the Court may grant relief because he does not show that the prison violated either his Fifth or Eighth Amendment rights.

*1. Due Process under the Fifth Amendment*

Smith alleges that the prison's actions violated his Fifth Amendment due process rights, but the record shows that this is not the case. The Supreme Court has set out both the procedures required in a prison disciplinary action and the lack of evidence which would merit reconsideration by a court. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court made clear that when a prison disciplinary hearing may result in the loss of good conduct time credits, the Constitution's due process guarantee requires that the prisoner receive: 1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or

3

correctional goals; and 3) a written statement by the factfinder as to evidence relied upon and reasons for the disciplinary action. *Id.* at 564–66.

Even though the record in this case is incomplete,[1] the Court finds that the BOP complied with the procedural requirements of *Wolff*. Smith had more than 24 hours notice of the charges against him. In fact, according to his own allegations and exhibits, he had a full month before the DHO hearing to prepare. He chose a witness to testify, although the witness added nothing to the debate on guilt, and he himself testified. When he did so, Petitioner did not claim innocence. He did not deny that he had possession of the weapon. Rather, he explained that he had an altercation with another prisoner and that he needed the weapon in order to feel safe. A few inconsistencies such as the proper number of the Petitioner's dormitory pale when compared with Petitioner's admission that he, indeed, had a weapon, which after all was the issue before the DHO.

The required written statement detailing the evidence relied upon by the factfinder and reasons for the disciplinary action in this case was contained in the three-page DHO report. In that report, the officer summarized the evidence against Smith (incident report, Smith's admission, two other officers' memoranda, and a picture of the weapon) and justified the sanctions. He explained that the serious sanctions were appropriate because of the serious nature of the offense, including the safety risks created when an inmate has possession of a weapon. The DHO also suspended some of the disciplinary segregation time, pending good behavior, in order to motivate Smith to better conduct. Because the DHO

---

[1] The record here is incomplete because Smith failed to exhaust his administrative remedies prior to initiating this action. While this may, in itself, be enough to warrant dismissal, *see Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam), the Court need not address the lack of exhaustion here because it dismisses Smith's petition for failure to state a claim on which relief could be granted.

clearly followed the procedures outlined in *Wolff*, his actions did not violate Smith's due process rights.

The current record also shows that, not only was proper procedure followed, there is evidence to support the conviction. Aside from the *Wolff* requirements, under *Superintendent v. Hill*, 472 U.S. 445 (1985), a conviction for a disciplinary violation cannot be upheld as consistent with due process unless there is "some evidence" to support the disciplinary decision. *Id.* at 455–56. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even meager proof will suffice. *Webb*, 224 F.3d at 652.

Here, as reflected in the DHO report, there was "some evidence" of Smith's guilt, including his own admission that he possessed a weapon. *C.f. Wagner v. Seely*, No. 89-2583, 1990 U.S. App. Lexis 17587, at *6–7 (7th Cir. Aug. 2, 1990). Furthermore, the Court's role is not to make an independent assessment of the inmate's innocence or guilt, find inconsistencies in the record, or assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Because there was some evidence in the record to support the DHO's decision, it does not violate due process. In sum, the DHO complied with the procedural requirements of *Wolff* and the substantive requirements of *Hill*. Therefore, Smith has failed to make out a claim for violation of his Fifth Amendment due process right.

**2. Freedom from Cruel and Unusual Punishment under the Eighth Amendment**

The Petitioner has also failed to state an Eighth Amendment claim. The Constitution forbids cruel and unusual punishment, but Smith gives no description of the punishments imposed which would support this legal claim with facts. For prison conditions to violate the

Eighth Amendment they must amount to a deprivation of life's necessities. *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)).  Conditions of confinement that are restrictive or harsh are not necessarily unconstitutional, but merely part of the penalty that criminal offenders must pay.  *Rhodes*, 452 U.S. at 347; *see Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) ("However, defendants' imposition of confinement in segregation, without more, does not amount to cruel and unusual punishment.").  Smith fails to describe any aspect of his penalties which rise to cruel and unusual punishment.  Where, as here, a petitioner claims that his rights have been violated but does not identify the substance of the deprivations, his conclusory statements are insufficient to state a claim on which relief can be granted.  *See O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).  Therefore, Smith has failed to make out a claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

CONCLUSION

The Court sympathizes with Smith's effort to assert his rights in the short time before he has served his sentence, but this does not entitle him to relief.  Because he has failed to state a claim upon which this Court can grant him relief, it is **ORDERED** as follows:

(1)     Dustin William Smith's Petition for Writ of Habeas Corpus is **DENIED**;

(2)     This action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 4th day of May, 2009.

Signed By:

*Amul R. Thapar*

United States District Judge